No. 774

WEBSTER, Sheriff, et. v. EDWARDS

Ohio Appeals, 2nd Dist., Montgomery Co.

Decided July 22, 1925

1025. REPLEVIN—1. Levy must be made prior to the time a mortgage is taken on chattels or it cannot be attacked by Sheriff.

2. If levy is not prevouisly made, mortgage is valid.

941. PRACTICE & PROCEEDINGS—Filing of a motion for a new trial not essential to establish right to prosecute error.

FERNEDING, J.

William Edwards brought a replevin action in the Montgomery Common Pleas and claimed property of one Zupnick by virtue of a chattel mortgage. Howard Webster, Sheriff and the Cappel Furniture Co. claimed the same property by virtue of a levy alleged to have been made.

The case was tried to the court and jury, but later the jury was dismissed and the case submitted to the court. The court found in favor of Edwards and rendered a judgment for the value of the property, which was then in the hands of the Company and the sheriff, under a re-delivery bond.

The Furniture Co. filed a motion for a new trial, which was overruled. The sheriff filed no such motion. Both the company and the Sheriff prosecuted error. In the Court of Appeals a motion was made by Edwards to strike the name of the Sheriff from the petition in error, because he did not file a motion for a new trial. The court held:

1. The filing of a motion for a new trial is not absolutely essential to the right to prosecute error. Those errors assigned which are not properly made in the record will be disregarded as to the sheriff; but his name will not be stricken from the petition in error.

2. The right of the Sheriff to attack the mortgage of Edwards, depends upon a legal levy by the Sheriff in the interest of the Company. This levy must have been made prior to the time when Edwards took possession of the property.

3. From the time Edwards took possession of the property, his mortgage became valid, unless a valid levy had been made previously.

4. The return of the Sheriff upon execution of the Company against Zupnick, does not show a levy upon the property. Consequently the record does not show a levy upon the property involved in this case.

5. Attempt to show by oral evidence, an actual levy, on part of the Sheriff, would not be competent. It would only be competent in the original action upon a motion to amend the return of the sheriff. Judgment of lower court affirmed.

Attorneys—Albert H. Scharrer, Pros. Atty., and Paul J. Wortman, Asst. Pros. Atty., Dayton, for Sheriff; Egan & Delscamp, Dayton, for Company; C. W. Elliot, Middletown, and Mattern, Brumbaugh & Mattern, Dayton, for Edwards.